**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICHARD HOWARD THOMSON

        Petitioner,

v.                                                        Case No. 06-12619

JAN E. TROMBLEY,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S OBJECTIONS, ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Pursuant to 28 U.S.C. § 636(b)(1)(B), the petition for writ of habeas corpus was referred to United States Magistrate Judge Paul J. Komives for a Report and Recommendation. The magistrate judge issued his comprehensive Report on July 15, 2008, recommending that the Court deny the petition. Objections, originally due by August 1, were filed on August 21, 2008. The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected or modified in whole or in part. 28 U.S.C. § 636(b)(1).

Petitioner's objections are stated in the most general of terms, *e.g.,* "In the case of Combs v. Coyle 205 F. 3d 269, I am certain that the 6th Circuit Court of Appeals was very thoughtful and took great care with the wording of it's [sic] published opinion." (Pet. Obj. P. 1. ) The balance of Petitioner's objections, which even if they had been printed double-spaced as required by the Local Rules, would run to only about five pages of

argument, all of which is nothing more than a restatement of Petitioner's principal arguments.  Indeed, Petitioner specifically so states in respect to Objections 2 and 3: "The petitioner . . .  will continue to rely on his original petition . . . ."  (Pet. Obj. P. 3.)

The court first finds that Petitioner's "objections" amount to, *at most*, only a general objection that merely restates the arguments previously presented.  As such, Petitioner's "objections" are not sufficient to alert the court to alleged errors on the part of the magistrate judge.  Indeed, an "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all . . .  [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).  Here, Petitioner has failed to focus the court's attention on any issue which is at the heart of the parties' dispute and failed to *specifically* identify any alleged error of the magistrate judge.

Morever, the court has independently reviewed the Report and the underlying briefs, and finds the Report to be well-reasoned, artfully analyzed and, most importantly, correct. In view of the Report's clarity and its depth, the court is persuaded that Plaintiff can simply conceive of no reasonable argument against any of the Report's conclusions.

Having carefully reviewed the Report and the non-specific objections, the court concludes that the magistrate judge's findings and conclusions should be adopted. Accordingly,

IT IS ORDERED that Petitioner's objections [Dkt. # 34] are DENIED and the magistrate judge's Report is ACCEPTED and INCORPORATED as the opinion of this court. Finally, IT IS ORDERED that the petition for a writ of Habeas Corpus is HEREBY DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2008, by electronic and/or ordinary mail.

    S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\06-12619.Thomson.2.wpd