**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICHARD HOWARD THOMSON,

      Petitioner,

v.                               Case No. 2:06-CV-12619

JAN E. TROMBLEY,

      Respondent.

                                           /

**OPINION AND ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On September 30, 2008, the court issued an order adopting the magistrate judge's report and recommendation ("R&R") and denying Petitioner Richard Howard Thomson's petition for a writ of habeas corpus. On April 28, 2009, Petitioner filed an untimely "Motion to Extend Time to Appeal," which the court denied on July 6, 2009. Petitioner then filed a notice of appeal, seeking to appeal the court's July 6, 2009 decision not to extend the time for filing an appeal of the denial of the petition for writ of habeas corpus. The Sixth Circuit issued an order on September 22, 2009, remanding Petitioner's appeal to this court for the sole determination of whether a certificate of appealability should issue. (9/22/09 Order at 1.)

Because Petitioner is appealing this court's order denying him an extension of time to file an appeal, rather than the underlying order denying his petition for habeas corpus, there is some question as to whether a certificate of appealability is necessary. Certificates of appealability are necessary to appeal an order denying a petition, but it is not clear whether they must issue in order to appeal a post-judgment procedural motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). Nonetheless, because the Sixth Circuit has directed this court to make such a determination, the court will decide whether a certificate of appealability should issue.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court finds that jurists of reason would not disagree with this court's decision, in its July 6, 2009 order, to deny the motion for extension of time to file an appeal. The court could only extend time to file an appeal if Petitioner (1) made a timely request and (2) showed excusable neglect or good cause. Fed. R. App. P. 4(a). Reasonable jurists could not debate that Petitioner did not make a timely request, nor could they debate that he had not demonstrated excusable neglect or good cause. Accordingly, to the extent a certificate of appealability is required to pursue Petitioner's appeal of the July 6, 2009 order, the court declines to issue a certificate.[1]

IT IS ORDERED that the court DECLINES to issue a certificate of appealability.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2009

---

[1] Because Petitioner has not filed a timely appeal of the September 30, 2008 order adopting the magistrate judge's R&R and denying the petition for writ of habeas corpus, a determination is likely unnecessary, at this stage, as to whether a certificate of appealability should issue as to that order. To the extent that the Sixth Circuit has directed this court to make such a ruling, however, the court finds that reasonable jurists could not disagree with the court's decision in the September 30, 2008 order. Not only did Petitioner fail to file specifically directed objections to the R&R, but the underlying R&R was "well-reasoned, artfully analyzed and, most importantly, correct." (9/30/08 Order at 3.) Reasonable jurists would not disagree with this conclusion, nor with the magistrate judge's conclusion to deny the petition for writ of habeas corpus. Specifically, reasonable jurists could not debate that the state court's resolutions of Petitioner's claims were not an unreasonable application of, or contrary to, clearly established federal law.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 16, 2009, by electronic and/or ordinary mail.

 S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\06-12619.Thomson.COA.wpd